UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NOS. 1:16-CR-25; 1:18-CV-1714 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| ABDUL GLOVER, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the Court upon Defendant Glover's Motion Under 28 U.S.C. § 2255 ("Motion"). Doc #: 41. For the following reasons, the Motion is summarily dismissed.

I. **Background**

On April 18, 2016, Abdul Glover pled guilty to one count of Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Doc #: 15. On July 7, 2016, Glover was sentenced to a prison term of 180 months. Doc #: 23. The Sixth Circuit affirmed Glover's sentence on direct appeal on May 16, 2017. Doc #: 38. On October 4, 2017, the Supreme Court denied Glover's petition for certiorari. Doc #: 40. Glover filed the instant motion for post-conviction relief on July 24, 2018. Doc #: 41.

II. **Standard**

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without

jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id.*

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom the 2555 petition is assigned to promptly examine the petition. Rule 4(b) provides in pertinent part as follows:

> If it plainly appears from the face of the motion, and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

*Id.* The Court has promptly examined the § 2255 Petition, the record in the underlying criminal case, and the case law and finds that it plainly appears that Abdul Glover is not entitled to relief in the district court for the following reason.

**III.    Analysis**

Glover's Motion appears to make a single intelligible claim of ineffective assistance of counsel. Glover argues that his counsel ineffective for failing to file a motion to suppress the ammunition used against him. Mot. 1. Claims of ineffective assistance of counsel are analyzed under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, the petitioner must establish two elements: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficiency, the outcome of the proceedings would have been different. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Strickland*). A review of counsel's performance must be highly deferential and requires the courts to "indulge a strong presumption that counsel's conduct falls within a wide range of

reasonable professional assistance." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). Glover cannot meet either prong of the *Strickland* analysis. First, he cannot show that his counsel's refusal to file a motion to suppress was not reasonable. As he concedes, his counsel advised him that filing a motion to suppress the ammunition would be fruitless because he voluntarily gave the police his firearm. Mot. 1. For this same reason, Glover cannot show that his counsel's failure to file the motion to suppress was outcome determinative. Thus, he cannot prevail on an ineffective assistance of counsel claim.

Accordingly, because it plainly appears from the face of the motion and the record of prior proceedings that the moving party is not entitled to relief, the Court summarily **DISMISSES** the pending § 2255 Motion.

**IT IS SO ORDERED.**

*Dan Aaron Polster July 25, 2018*
**Dan Aaron Polster**
**United States District Judge**