**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO: 1:16 CR 25** |
| **Plaintiff,** | **Judge Dan Aaron Polster** |
| **v.** | |
| **ABDUL GLOVER,** | <u>**OPINION AND ORDER**</u> |
| **Defendant.** | |

## I.      Introduction

On June 27, 2025, Defendant Abdul Glover filed a *pro se* motion for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A).  ECF Doc. 50.  In his motion, Mr. Glover argues he is entitled to credits under the First Step Act ("FSA"), halfway house placement, or early release.  *Id.*  The Court appointed a federal public defender who declined to supplement Mr. Glover's *pro se* motion.  ECF Doc. 51.  On August 7, 2025, the Government filed a motion to dismiss and response in opposition.  ECF Doc. 52.  Mr. Glover did not file a reply.  For the reasons stated below, the Court DENIES Defendant Glover's motion for compassionate release. ECF Doc. 50.

## II.      Factual Background

On April 18, 2016, Mr. Glover pleaded guilty to one count of possession of a firearm. ECF Doc. 15.  Mr. Glover was considered an "armed career criminal" based on three prior predicate offenses under the Armed Career Criminal Act (ACCA).  ECF Doc. 29.  The Court sentenced Mr. Glover to 180 months in prison followed by five years of supervised release – the mandatory minimum term required by the ACCA.  *Id.*  After accounting for Mr. Glover's

supervised release violation in a previous federal case, the Court imposed an additional 33 months to run concurrently with Mr. Glover's 180-month sentence.  *Id.*

In his *pro se* motion for compassionate release,[1] Mr. Glover requests early release for the following reasons: 1) his completion of a substantial portion of his 180-month term in a low-security facility; 2) the lack of halfway house availability pursuant to the Second Chance Act; and 3) recent legal developments pertaining to sentencing disparities.  ECF Doc. 50.  Mr. Glover also argues that § 3553(a) factors support his request for reduction based on his history and characteristics since sentencing, including successful completion of work assignments, rehabilitative programming, educational opportunities, and home confinement. *Id.*

The Government argues that Mr. Glover's request for sentence reduction and halfway house placement are not properly subjects of a motion for compassionate release.  ECF Doc. 52. To appropriately challenge the execution of his prison sentence, the Government argues that Mr. Glover must file a petition for writ of habeas corpus under 28 U.S.C. § 2241. *Id.* (citing *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010)).  Such writs, however, can only be maintained in the district court that has personal jurisdiction over the immediate custodian of the defendant. *Id.* (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)).  Because Mr. Glover is currently incarcerated at FCI Lewisburg, Pennsylvania, the Government contends that the Middle District of Pennsylvania is the proper jurisdiction to rule on his claims.  *Id.*

---

[1] The motion pending before the Court today is the third pro se motion for compassionate release that Mr. Glover has filed in this matter. See ECF Doc. 44 (filed on Aug. 3, 2020) and ECF Doc. 48 (filed on Feb. 21, 2025). His prior two motions were denied because he failed to exhaust all administrative remedies before moving for compassionate release. See ECF Doc. 45 and ECF Doc. 49.

Alternatively, the Government argues that Mr. Glover has not exhausted all his administrative remedies, has not set forth extraordinary and compelling reasons for early release, and that the §3553(a) factors do not weigh in his favor.  The Government contends that Glover's stated reasons—time already served, lack of halfway house availability, and recent legal developments—are not "extraordinary and compelling" reasons warranting early release.  *Id.* The Government further argues that, because Glover is an armed career criminal, the § 3553(a) sentencing factors do not support his motion for compassionate release.

### III.    Law

A motion for sentence reduction filed under 18 U.S.C. § 3582(c)(1)(A) – a motion for compassionate release – is analyzed under a three-step inquiry.  *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (*en banc*) (quotations omitted), cert. denied, 143 S. Ct. 2506, 216 L. Ed. 2d 461 (U.S. 2023).  First, when an imprisoned person files a motion for compassionate release, they must show exhaustion by either: 1) a warden denying their request; or 2) thirty days passing since their request was made without a response.  *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

Second, the Court must find that both "extraordinary and compelling" reasons justify a sentence reduction and that such a reduction would be consistent with policy statements issued by the Sentencing Commission. *Jones*, 980 F.3d at 1101.  In *McCall*, 56 F.4th 1048, the Sixth Circuit held that a nonretroactive change in sentencing law does *not* constitute an "extraordinary and compelling" circumstance under 18 U.S.C. § 3582(c)(1)(A).  The Court affirmed this holding in *United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025).

If an "extraordinary and compelling reason" is found, the final step of the inquiry requires re-weighing the sentencing factors of 18 U.S.C. § 3553(a).  *McCall,* 56 F.4th at 1054.

3

When weighing these factors, a district court is permitted to consider a defendant's "history and characteristics, including his propensity to be a danger to the community upon release, as well as the nature and circumstances of his offense." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021).

## IV.  Analysis

Mr. Glover's "motion for compassionate release" (ECF Doc. 50) does not satisfy any of the three requirements under 18 U.S.C. § 3582(c)(1)(A).

### A.  Exhaustion

To satisfy the administrative exhaustion requirement, Mr. Glover can show proof that either: 1) a warden denied his claim; or 2) 30 days have passed since the BOP facility received his request for administrative relief. *Alam*, 960 F.3d 831, at 832.  Mr. Glover's *pro se* motion does neither.  ECF Doc. 50. Mr. Glover has attached a copy of his March 17, 2025 administrative request to the BOP, but in it he only requested FSA credits and placement into a halfway house. ECF Doc. 50-2.  Accordingly, this was not a request for compassionate release and did not satisfy the exhaustion element of 18 U.S.C. § 3582(c)(1)(A).  Moreover, the BOP denied Mr. Glover's request and notified him that he could appeal the BOP's calculation of his credit within 20 days.  He did not appeal the calculation and has not exhausted his administrative remedy.

### B.  Extraordinary and Compelling Reasons

For his extraordinary and compelling reasons Mr. Glover asserts that he has already served in a low-security facility, he is entitled to time credits earned under the First Step Act, and he has only been denied halfway house placement due to overcrowding.  These reasons do not qualify as extraordinary and compelling under U.S.S.G. § 1B1.13(b).  (finding only serious

factors, like the defendant's medical condition, age, family circumstances, and physical abuse, to be "extraordinary and compelling").  FSA credits and placement in halfway housing fall squarely within the purview of the BOP.  Absent a showing that Mr. Glover is being held in inadequate or unsafe conditions, his preference for different placement is not an extraordinary and compelling reason for release.  While overcrowding in halfway house availability may be impacting how Mr. Glover serves his sentence, it is insufficient to justify his compassionate release.

Mr. Glover also argues that recent legal developments and sentencing disparities justify his compassionate release in this case.  He cites *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020) in support of his argument.  However, as argued by the Government, *McCoy* no longer applies.  The Sentencing Guidelines have been amended, and the Sixth Circuit has affirmed its decision in *McCall*.  *See Bricker*, 135 F.4th at 430.  Consequently, even if Mr. Glover was correct about changes to applicable sentencing, nonretroactive changes to the law cannot serve as the extraordinary and compelling reason for his sentence reduction.  *Id.*

### C.  18 U.S.C. § 3553 Factors

Finally, the § 3553(a) factors disfavor Mr. Glover's release.  Mr. Glover knowingly possessed a firearm while on federal supervised release for conspiring to distribute cocaine.  ECF Doc. 29.  He is an armed career criminal with an extensive criminal history, including assault on a peace officer and multiple drug-trafficking convictions.  *Id.*  These crimes pose a significant danger to public safety.  While Defendant's program participation is commendable, rehabilitation alone cannot justify release.  Moreover, based on his criminal history, reducing Mr. Glover's sentence would undermine the seriousness of his conduct and the need for deterrence to the community.

## V.     Conclusion

For the reasons stated herein, Mr. Glover's Motion for Compassionate Release is hereby

DENIED.

**IT IS SO ORDERED.**

Dated: September 25, 2025          *s/Dan Aaron Polster*
                                    United States District Judge